■

## In the Matter of Thomas N. NUTTLE, Respondent.

### No. 20S00–1112–DI–698.

Supreme Court of Indiana.

Jan. 10, 2013.

*PUBLISHED ORDER CONVERTING SUSPENSION FOR NONCOOPERATION WITH THE DISCIPLINARY PROCESS TO INDEFINITE SUSPENSION*

On March 15, 2012, pursuant to Indiana Admission and Discipline Rule 23(10)(f), this Court suspended Respondent from the practice of law in this State for failing to cooperate with the Disciplinary Commission concerning a grievance filed against Respondent. The Disciplinary Commission has now moved to convert Respondent's suspension to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23(10)(f)(4). Respondent has not responded to the Commission's motion to convert the current suspension.

The Court finds that more than six months have passed since Respondent was suspended due to noncooperation with the disciplinary process. Accordingly, the Court concludes that Respondent's suspension should be converted to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23(10)(f)(4).

IT IS THEREFORE ORDERED that Respondent's current suspension from the practice of law for failure to cooperate with the disciplinary process is converted to an indefinite suspension, effective immediately. Respondent is ordered to fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). To be readmitted to the practice of law in this State, Respondent must cure the causes of all suspensions in effect and successfully petition this Court for reinstatement pursuant to Admission and Discipline Rule 23(4) and (18).

The Clerk of this Court is directed to forward notice of this order to Respondent by certified mail, return receipt requested, at the address reflected in the Roll of Attorneys; to the Disciplinary Commission; and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.

■

## In the Matter of Diamond Z. HIRSCHAUER, Respondent.

### No. 49S00–1201–DI–24.

Supreme Court of Indiana.

Jan. 10, 2013.

*PUBLISHED ORDER CONVERTING SUSPENSION FOR NONCOOPERATION WITH THE DISCIPLINARY PROCESS TO INDEFINITE SUSPENSION*

On March 15, 2012, pursuant to Indiana Admission and Discipline Rule 23(10)(f), this Court suspended Respondent from the practice of law in this State for failing to cooperate with the Disciplinary Commission concerning a grievance filed against Respondent. The Disciplinary Commission has now moved to convert Respon-

dent's suspension to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23(10)(f)(4). Respondent has not responded to the Commission's motion to convert the current suspension.

The Court finds that more than six months have passed since Respondent was suspended due to noncooperation with the disciplinary process. Accordingly, the Court concludes that Respondent's suspension should be converted to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23(10)(f)(4).

IT IS THEREFORE ORDERED that Respondent's current suspension from the practice of law for failure to cooperate with the disciplinary process is converted to an indefinite suspension, effective immediately. Respondent is ordered to fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). To be readmitted to the practice of law in this State, Respondent must cure the causes of all suspensions in effect and successfully petition this Court for reinstatement pursuant to Admission and Discipline Rule 23(4) and (18).

The Clerk of this Court is directed to forward notice of this order to Respondent by certified mail, return receipt requested, at the address reflected in the Roll of Attorneys; to the Disciplinary Commission; and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.

**In the Matter of Jon A. CRISS, Respondent.**

**No. 71S00–1209–DI–521.**

Supreme Court of Indiana.

Jan. 10, 2013.

*PUBLISHED ORDER OF INTERIM SUSPENSION UPON NOTICE OF GUILTY FINDING*

The Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(11.1)(a), has filed a "Notice of Guilty Finding and Request for Suspension," asking that Respondent be suspended from the practice of law in this State, pending further order of this Court or final resolution of any resulting disciplinary action, due to Respondent being found guilty of a crime punishable as a felony.

The Court, being duly advised and upon careful consideration of all materials submitted, now finds that Respondent has been found guilty of the following offenses under Indiana law: possession of methamphetamine, a class D felony; and maintaining a common nuisance, a class D felony.

IT IS THEREFORE ORDERED that **Respondent is suspended *pendente lite* from the practice of law in this State, effective immediately.** Respondent is already under suspension for continuing legal education noncompliance. Respondent is ordered to fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). The interim suspension shall continue until further order of this Court or final resolution of any resulting disciplinary action, provided no other suspension is in effect.